## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIMOTHY RICE,** | : | **CIV NO. 1:20-CV-1043** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **C.O. YOUNG, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.    Statement of Facts and of the Case

This case is a *pro se* prisoner civil rights action brought by Timothy Rice, a state prisoner housed at SCI Phoenix, a state prison located in Montgomery County, Pennsylvania. On June 22, 2020, Rice filed a complaint, (Doc. 1), which alleged that he was sexually assaulted by staff at this institution. (Id.) Along with this complaint, Rice has filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). However, because the matters complained of by Rice occurred exclusively at SCI Phoenix, which is located in Montgomery County and within the venue of the United States District Court for the Eastern District of Pennsylvania, 28 U.S.C. § 118, for the reasons set forth below, it is ordered that this case be transferred to that court for further proceedings.

II.   **Discussion**

This case is a federal civil action. In such cases, 28 U.S.C. § 1391(b) defines

the proper venue and provides that an action should:

> [B]e brought only in (1) a judicial district where any defendant resides,
> if all defendants reside in the same State, (2) a judicial district in which
> a substantial part of the events or omissions giving rise to the claim
> occurred, or a substantial part of property that is the subject of the action
> is situated, or (3) a judicial district in which any defendant may be
> found, if there is no district in which the action may otherwise be
> brought.

28 U.S.C. § 1391(b).

In this case, with respect to Rice's claim of sexual assault at SCI Phoenix, "a

substantial part of the events or omissions giving rise to the claim" took place at this

facility which is located in Montgomery County and within the venue of the United

States District Court for the Eastern District of Pennsylvania. 28 U.S.C. § 118.

Moreover, it appears that the defendants either reside, or may be found, in

Montgomery County. Therefore, this case currently appears to fall within the venue

of the United States District Court for the Eastern District of Pennsylvania.

This court is permitted *sua sponte* to raise the issue of an apparent lack of

venue, provided the court gives the plaintiff notice of its concerns and an opportunity

to be heard on the issue. See e.g., Stjernholm v. Peterson, 83 F.3d 347, 349 (10th

Cir. 1996) ("[A] district court may raise on its own motion an issue of defective

venue or lack of personal jurisdiction; but the court may not dismiss without first

2

giving the parties an opportunity to present their views on the issue"); <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986). In this case, through the filing of this Memorandum, we are placing the plaintiff on notice that this complaint does not appear to allege facts that would currently give rise to venue in this court.

When it appears that a case is being pursued in the wrong venue, there are two potential remedies available to the court. First, the court may dismiss the action for lack of venue pursuant to 28 U.S.C. § 1406 and Rule 12(b)(3) of the Federal Rules of Civil Procedure. However, the court may also, in the interests of justice, provide another form of relief, one which ensures that venue is proper without prejudicing the rights of any plaintiffs. Under 28 U.S.C. § 1406:

> The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, *or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought.*

28 U.S.C. § 1406(a) (emphasis added).[1]

In this case, since venue over this matter appears to lie in the United States District Court for the Eastern District of Pennsylvania, in order to protect the

---

[1] In addition, we note that even if venue was still somehow appropriate here, it is clear that the preferred venue for litigation of this particular case would now be the United States District Court for the Eastern District of Pennsylvania. In such instances, 28 U.S.C. § 1404(a) also expressly provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404 (a).

plaintiff's rights as a *pro se* litigant, we will order this case transferred to the United States District Court for the Eastern District of Pennsylvania for further proceedings. Such a transfer order avoids any prejudice to the plaintiff which might flow from a dismissal of this action on venue grounds. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the current lack of venue in this fashion would not constitute a ruling on the merits of the plaintiff's claims, thus assuring that the plaintiff can have this case heard on its merits in the proper forum. See 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

Finally, we note that:

> A motion to transfer venue . . . involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A). See Silong v. U.S., 5:05–CV–55–OC–10GRJ, 2006 WL 948048, at *1 n. 1 (M.D. Fla. April 12, 2006); Blinzler v. Marriott Int'l, Inc., No. Civ. A. 93–0673L, 1994 WL 363920, at *2 (D.R.I. July 6, 1994); O'Brien v. Goldstar Tech., Inc., 812 F. Supp. 383 (W.D.N.Y. 1993); Russell v. Coughlin, No. 90 Civ. 7421, 1992 WL 209289 (S.D.N.Y. Aug. 19, 1992); Hitachi Cable Am., Inc. v. Wines, Civ.A. No. 85–4265, 1986 WL 2135 (D.N.J. Feb. 14, 1986). This is true "because it can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." Adams v. Key Tronic Corp., No. 94 Civ. AO535, 1997 WL 1864, at *1 (S.D.N.Y. Jan. 2, 1997) (collecting cases).

4

Berg v. Aetna Freight Lines, CIV.A. 07–1393, 2008 WL 2779294 (W.D. Pa. July 15, 2008). Therefore, the decision to transfer a case rests within the jurisdiction and sound discretion of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to appeal to the district court for an abuse of that discretion. See Franklin v. GMAC, CIV.A. 13–0046, 2013 WL 140042 (W.D. Pa. Jan. 10, 2013) ("Orders to transfer are not listed as dispositive. . . . . A Magistrate Judge may rule on such matters pursuant to 28 U.S.C. § 636(b)(1)(A). See, e.g., Silong v. United States, 2006 WL 948048, at *1 n. 1 (M.D. Fla. 2006); see also In re U.S. Healthcare, 159 F.3d 142, 145 (3d Cir. 1998) (a dispositive order is one that "terminates the matter in the federal court"). This is true "because [the ruling] can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." Adams v. Key Tronic Corp., 1997 WL 1864, at *1 (S.D.N.Y. 1997) (collecting cases); see also Holley v. Robinson, 2010 WL 1837797, *2 (M.D. Pa. 2010) (since "order transferring a case is not a dispositive final order in that case, this proposed transfer is a matter which lies within the authority of either the district court, or this [magistrate] court."); Berg v. Aetna Freight Lines, 2008 WL 2779294, at *1 (W.D. Pa. 2008) ("A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) involves a non-dispositive pretrial matter

which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)")

(collecting cases)).

**III.**   **Conclusion**

For the foregoing reasons, we will order that this case be transferred to the

United States District Court for the Eastern District of Pennsylvania for all further

proceedings.

An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATE: June 23, 2020